UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 21-5574-DFM | Date: | January 12, 2024 |
|---|---|---|---|
| Title | Connie Parker v. Steven Rodriguez et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |
| Proceedings: | (IN CHAMBERS) Order to Show Cause |

On December 6, 2023, Plaintiff moved for summary judgment. See Dkt. 149. On December 18, Defendant sought leave to use the CM/ECF system and a two-day extension to file his opposition. See Dkt. 154. On December 19, the Court granted both requests. See Dkt. 155. Now, almost a month later, Defendant has not filed his opposition or sought another extension.

"Ninth Circuit precedent bars district courts from granting summary judgment simply because a party fails to file an opposition or violates a local rule" and the court has an "obligation to analyze the record to determine whether any disputed material fact was present." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010). Nonetheless, in resolving any motion for summary judgment, "the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." Local Rule 56-4.

Thus, in the absence of an opposition, the Court may assume that the material facts as claimed and adequately supported by Plaintiff are admitted to exist without controversy. Nevertheless, the Court finds it in the interests of justice to take a less drastic approach. Defendant is ORDERED to show cause within fourteen days (14) why the Court should not accept as true the material facts set forth in Plaintiff's Statement of Uncontroverted Facts. Defendant may discharge this Order by filing his opposition and showing "good cause" for the delay. See Fed. R. Civ. P. 16(b)(4); Ahanchian, 624 F.3d at 1259; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).