## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CONNIE PARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN RODRIGUEZ et al.,<br><br>    Defendants. | No. CV 21-05574-DFM<br><br>Order re: Plaintiff's Motion for<br>Summary Judgment (Dkt. 149) |

Plaintiff Connie Parker moves for summary judgment against Defendants Steven Rodriguez and Rodriguez Law, APC (together, "Defendant" or "Rodriguez"). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I.    BACKGROUND

This action arises from Rodriguez's legal representation of Plaintiff in Parker v. Alai et al., No. 30-2015-00767937-CU-OE-CJC (the "Alai Action"), filed in Orange County Superior Court. See Dkt. 1 ("Complaint") ¶¶ 9-14. Plaintiff agreed to pay Rodriguez a 33.33% percent contingency fee and a flat fee of $10,000 to defend the cross-complaint. See id. ¶ 14.

Plaintiff broadly alleges that Rodriguez's representation was inadequate. She alleges that Rodriguez failed to oppose motions, did not attend hearings, did not take discovery, and withheld settlement funds. See id. ¶¶ 14-29.

Plaintiff also alleges that Rodriguez failed to oppose a memorandum of costs filed by defendants, resulting in a judgment against Plaintiff in the amount of $26,068.05. See id. ¶ 23. Plaintiff asserts four causes of action: (1) professional negligence (legal malpractice), (2) breach of contract, (3) breach of fiduciary duty, (4) and negligent infliction of emotional distress. See id. ¶¶ 30-65.

On December 6, 2023, Plaintiff filed a Motion for Summary Judgment. See Dkt. 149 ("MSJ"). Accompanying the motion is Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law, see Dkt. 150 ("UF"); her Declaration with accompanying exhibits, see Dkt. 151 ("Parker Decl."); and a Request for Judicial Notice, see Dkt. 152 ("RJN").[1] Rodriguez did not file an opposition. Under Local Rule 7-15, the Court took the motion under submission and vacated the hearing. See Dkt. 148.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those necessary to the proof or defense of a claim and are determined by reference to substantive law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

---

[1] Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court grants Plaintiff's request for judicial notice of RJN Exhibit 9. The Court did not rely on the remaining exhibits.

The moving party "bears the initial responsibility of informing the district court" that "there is an absence of evidence to support the nonmoving party's case." Id. at 323, 325. The non-moving party must then "present some evidence establishing each element of their claims on which they would bear the burden of proof at trial." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court views the evidence through the prism of the evidentiary standard of proof that would apply at trial. See Anderson, 477 U.S. at 255. The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. See Anderson, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.   DISCUSSION

Plaintiff moves for summary judgment on three of her four claims; namely, her claims of legal malpractice, breach of fiduciary duty, and negligent infliction of emotional distress. See MSJ at 7.[2] Plaintiff seeks entry of judgment in the amount of $26,068.05 plus interest and costs. See id. at 22.

---

[2] Citations to page numbers refer to the CM/ECF pagination.

**A.** <u>Statement of Genuine Disputes</u>

After obtaining an extension of time, Rodriguez did not file a timely opposition to Plaintiff's motion. After Rodriguez's extended deadline had passed, the Court issued an order directing Rodriguez to show cause why the Court should not accept as true Plaintiff's statement of uncontroverted facts. <u>See</u> Dkt. 157. In response, Rodriguez requested permission to file "a Notice of Acceptance of Defendant's Rule 68 Offer to Compromise that Plaintiff accepted and executed on July 12, 2023, in lieu of ruling on Plaintiff's Motion for Summary Judgment." Dkt. 159 at 2.

Rodriguez's efforts to avoid summary judgment by showing that Plaintiff accepted a settlement offer are unavailing. Several months ago, the parties informed the Court that they were on the brink of a settlement. During a subsequent status conference, it became apparent that the parties had not in fact reached an agreement on the material terms of a settlement. Accordingly, the Court informed the parties that the case would continue and granted Plaintiff leave to file a motion for summary judgment. <u>See</u> Dkts. 139, 140. As such, Rodriguez's request is denied.

By not opposing Plaintiff's motion on the merits, Rodriguez has not filed a Statement of Genuine Disputes as required by Local Rule 56-2. As a result, the Court assumes that the material facts as claimed and adequately supported by Plaintiff are admitted to exist without controversy. <u>See</u> L.R. 56-4.[3]

---

[3] Local Rule 56-4 also provides that the Court "is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes."

**B.** **Professional Negligence (Legal Malpractice)**

The elements of legal malpractice are: "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." Coscia v. McKenna & Cuneo, 25 Cal. 4th 1194, 1199 (2001).

**1.** **Duty**

An attorney has a duty to "to represent his client with 'such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake.'" Lipscomb v. Krause, 87 Cal. App. 3d 970, 975 (1978) (quoting Ishmael v. Millington, 241 Cal. App. 2d 520, 523 (1966)). The existence of a duty is a question of law decided by the Court. See Osornio v. Weingarten, 124 Cal. App. 4th 304, 319-20 (2004).

Here, it is undisputed that Rodriguez's alleged errors arose within the context of his representation of Plaintiff in the Alai Action. Accordingly, the duty element is satisfied.

**2.** **Breach**

"Breach of a duty of reasonable care in a professional malpractice situation is the failure of an attorney to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, 593 F. Supp. 2d 1153, 1165 (S.D. Cal. 2008) (citing Osornio, 124 Cal. App. 4th at 319). Expert testimony regarding the standard of care is required except where "the failure of attorney performance is so clear that a trier of fact may find professional negligence unassisted by expert testimony." Wilkinson v. Rives, 116 Cal. App. 3d 641, 647-48 (1981).

It is undisputed that Rodriguez did not respond to several motions and failed to appear at hearings in the Alai action. Furthermore, Rodriguez has admitted that he mishandled the settlement of Plaintiff's claims, ultimately resulting in a judgment against Plaintiff in the amount of $26,068.05. See MSJ at 8-11. Rodriguez's representation of Plaintiff in the Alai Action was so clearly deficient that expert testimony is not required. See Wilkinson, 116 Cal. App. 3d at 647.

### 3.   Causation

To prove proximate cause in a legal malpractice action, the plaintiff must demonstrate "that but for the alleged negligence of the defendant attorney, the plaintiff would have obtained a more favorable" outcome. Viner v. Sweet, 30 Cal. 4th 1232, 1241 (2003). The plaintiff need not prove causation with absolute certainty, but instead "need only introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." Id. at 1243 (citation and internal quotation marks omitted). Analysis of causation necessarily entails "evaluation of hypothetical situations concerning what might have happened, but did not," as causation involves "comparing historical events to a hypothetical alternative." Id. at 1242.

Ordinarily, causation is an issue of fact that cannot be resolved by summary judgment. See Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, No. 07-280, 2008 WL 5147201, at *4 (S.D. Cal. Dec. 8, 2008). Causation may be decided as a question of law "only if, under undisputed facts, there is no room for a reasonable difference of opinion. The question about what would have happened had [the lawyer] acted otherwise is one of fact unless reasonable minds could not differ as to the legal effect of the evidence presented." Kurinij v. Hanna & Morton, 55 Cal. App. 4th 853, 864 (1997) (internal citations and quotation marks omitted).

In late 2019, Rodriguez had Plaintiff execute a Release and Settlement Agreement ("Settlement Agreement") to resolve a portion of the <u>Alai</u> action. <u>See</u> Parker Decl. ¶ 8, Ex. 4.[4] Notably, the Settlement Agreement was entered into between Plaintiff and defendant Alai in her individual capacity only, and expressly excluded Alai's entity co-defendants. <u>See id.</u> at 43 ("[T]he settlement does not extend to or include the business entities identified as Nili N. Alai M.D., Inc. dba The Skin Center, 12712 LLC and American Acne Foundation, Inc."). Furthermore, the Settlement Agreement expressly did not include Alai's cross-claims against Plaintiff. <u>See id.</u> ("Moreover, this Release in no way includes, encompasses or extends to [Alai]'s cross-action against [Plaintiff]."). Per the Settlement Agreement, Plaintiff agreed to dismiss with prejudice her operative complaint against Alai in exchange for $60,000. <u>See id.</u> at 44-45.

After the Settlement Agreement was executed, however, Rodriguez dismissed Plaintiff's entire complaint against all defendants with prejudice. <u>See id.</u> ¶ 9, Ex. 5. As a result, Nili N. Alai, M.D., Inc. and 12712 LLC—two corporate entities expressly excluded from the Settlement Agreement—claimed that they were "prevailing parties" and submitted a memorandum of costs in the aggregate amount of $26,068.05. <u>See id.</u> ¶ 10, Ex. 6. Rodriguez moved to strike, but his motion was denied as untimely. <u>See id.</u> ¶ 14, Ex. 8. Accordingly, on June 3, 2021, the Orange County Superior Court entered judgment against Plaintiff in the amount of $26,068.05. <u>See id.</u> ¶ 11, Ex. 7.

In his Answer, Rodriguez admitted that his "error led to the costs judgment being entered against Parker." <u>See</u> UF ¶ 8 (citing Dkt. 56 ("Answer") ¶ 37.). Even before this action was filed, Rodriguez e-mailed Plaintiff draft interpleader documents and stated he would pay the judgment. <u>See id.</u> ¶ 16,

---

[4] The copy of the Settlement Agreement submitted to the Court by Plaintiff contains only her signature; no signature block for Alai appears on the document.

Ex. 10 ("I have a cashier's check made payable to the Orange County Superior Court in the total amount of $26.068.05.").

Under these undisputed facts, reasonable minds could not disagree that Rodriguez's negligence was more likely than not the cause of the underlying judgment against Plaintiff.

### 4. Damages

"In a malpractice action, as in other negligence cases, the defendant's liability, is for all damages directly and proximately caused by his negligence." Williams v. Wraxall, 33 Cal. App. 4th 120, 130 (1995) (citation and internal quotations omitted).

It is undisputed that Rodriguez's negligence resulted in a judgment against Plaintiff in the amount of $26,068.05. However, as noted above, Rodriguez e-mailed Plaintiff that he would pay the judgment in full and attached a draft complaint in interpleader. See Parker Decl. ¶ 16, Ex. 10. It is not apparent whether the judgment was ever paid, and if so, by whom. Plaintiff's own filings suggest that she withheld her consent for the interpleader action and deposit to be made on her behalf. See UF ¶ 9 ("[Parker] withheld her consent to be made whole by DEFENDANTS, individually and collectively, and to be completely indemnified for such loss." (quoting Answer ¶ 37)). Until this issue is resolved, the Court cannot determine Plaintiff's damages.

The Court GRANTS Plaintiff's motion as to the first three elements of her malpractice claim.  The Court DENIES Plaintiff's motion as to damages.

## C. Breach of Fiduciary Duty

Under California law, breach of fiduciary duty is a "species of tort distinct from a cause of action for professional negligence." Stanley v. Richmond, 35 Cal. App. 4th 1070, 1086 (1995) (citation omitted). "The elements of a cause of action for breach of fiduciary duty are: (1) existence of a

fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Id. at 1086 (citation omitted). "It is well established that an attorney's duties to his client are governed by the Rules of Professional Conduct, and that those rules, together with statutes and general principles relating to other fiduciary relationships, help define the duty component of the fiduciary duty which an attorney owes to his client." Am. Airlines, Inc. v. Sheppard Mullin, Richter & Hampton, 96 Cal. App. 4th 1017, 1032 (2002) (citation and internal quotation marks omitted).

Claims for breach of fiduciary duty are often dismissed when the allegations underlying the claim are duplicative of those underlying the legal malpractice claim. However, "courts applying California law have allowed concurrent legal malpractice and fiduciary duty claims have involved fiduciary duty claims based on factual allegations other than those supporting legal malpractice." Afont v. Poynter Law Grp., No. 17-1388, 2018 WL 6136147, at *6 (C.D. Cal. Nov. 5, 2018) (citing, as an example, Vaxiion, 593 F. Supp. 2d at 1165-69, 1170-75 (malpractice based on untimely filing and missed deadlines; breach of fiduciary duty based on simultaneous representation of competitor)).

Plaintiff asserts that Rodriguez breached his fiduciary duty in three ways: (1) failing to distribute and misappropriating settlement funds; (2) failing to oppose the memorandum of costs, resulting in a judgment against Plaintiff; and (3) threatening to drop Plaintiff's case unless he was paid more. See MSJ at 18-19. The first and third theory implicate the fiduciary duty of loyalty, whereas the second theory implicates legal malpractice and is duplicative.

As to the first theory, the Court takes judicial notice of the State Bar of California's disbarment order dated October 13, 2022, in which Rodriguez stipulated to multiple acts of attorney misconduct, several of which centered on misappropriating Plaintiff's settlement funds in violation of California Business & Professions Code § 6106 and Rules of Professional Conduct, rule

1.15(a), (c), and (d)(3). <u>See</u> RJN Ex. 9, ¶¶ 28-36. These undisputed facts establish that Rodriguez breached his fiduciary duty to Plaintiff.

As to the third theory, Plaintiff alleges that Rodriguez threatened to withdraw in the <u>Alai</u> Action unless he was paid more money. <u>See</u> UF ¶ 10. Plaintiff states that from "October 2018 to October 4, 2019, I paid Rodriguez an additional $500 per month ($6,000 total) as a result of the threats of withdrawal from the case." Parker Decl. ¶ 4. Additionally, Plaintiff contends that her sister paid "an additional $280 per month as a result of the threats of withdrawal from Rodriguez." <u>Id.</u> ¶ 5. But Plaintiff did not submit evidence of these payments, nor any evidence of Rodriguez's threats. As such, the Court is unable to find liability on this theory.

That leaves the question of damages under the first theory. Both legal and equitable remedies are available for breach of a fiduciary duty. <u>See</u> <u>Van de Kamp v. Bank of Am.</u>, 204 Cal. App. 3d 819, 863 (1988). But Plaintiff's motion does not seek any specific damages for this cause of action. Additionally, it appears from the State Bar's disbarment order that Plaintiff eventually received all the settlement funds to which she was entitled. <u>See</u> RJN, Ex. 9, ¶ 21 ("On January 28, 2020, . . . [Rodriguez] wire transferred Parker $13,856.54 from his Business Account. After the wire transfer, Parker was not entitled to any additional funds."). The Court is accordingly unable to determine damages.

The Court GRANTS Plaintiff's motion as to the first two elements of her breach of fiduciary duties claim relating to Rodriguez's handling of settlement funds in the <u>Alai</u> Action. The Court DENIES Plaintiff's motion as to the damages element. The Court DENIES Plaintiff's motion as to her breach of fiduciary duties claim relating to Rodriguez's malpractice in the <u>Alai</u> Action and his threats to drop Plaintiff's case unless he was paid more.

**D.**   **Negligent Infliction of Emotional Distress**

A claim for negligent infliction of emotional distress is not an independent tort but rather is derived from the tort of negligence. See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989). Thus, a claim for negligent infliction of emotional distress requires a plaintiff to establish the traditional elements of duty, breach of duty, causation, and damages, as well as show that he or she has suffered "serious" emotional distress. See Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1377-78 (2010).

Plaintiff alleges that Rodriguez would "yell and scream" at her and refuse to perform various legal tasks in the Alai Action. See MSJ at 21. Additionally, Plaintiff alleges that Rodriguez's threats to abandon her case unless he was paid more caused her significant emotional distress. See id. Plaintiff notes that she was sixty-nine years old at the time of this conduct and that she had to move in with her sister to afford Rodriguez's retainer. See id.

Plaintiff has alleged conduct that, while inappropriate, does not rise to the level of emotional distress necessary to establish an negligent infliction f emotional distress claim. The California Supreme Court has made it clear "that to recover damages for emotional distress on a claim of negligence where there is no accompanying personal, physical injury, the plaintiff must show that the emotional distress was 'serious.'" Wong, 189 Cal. App. 4th at 1377 (citing Molien v. Kaiser Found. Hosps., 27 Cal. 3d 916, 927-30 (1980)). "[S]erious emotional distress may be found where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Id. at 1377-78 (quoting Molien, 27 Cal. 3d at 928). Plaintiff's generalized allegations of distress are not sufficient. See Hughes v. Pair, 46 Cal. 4th 1035, 1051 (2009) (finding "discomfort, worry, anxiety, upset stomach, concern, and agitation" are not severe emotional distress); Wong, 189 Cal. App. 4th at 1377 (concluding that

lost sleep, upset stomach, and general anxiety do not amount to severe emotional distress).

Behavior may be considered outrageous if a defendant "abuses a relation or position which gives him power to damage the plaintiff's interest[,]" such as an attorney-client relationship. See McDaniel v. Gile, 230 Cal. App. 3d 363, 372 (1991) (noting the "special relationship" between an attorney and their client). Even in those situations, however, the plaintiff must still offer admissible evidence to establish that the defendant engaged in sufficiently serious conduct. See, e.g., id. at 247-48 (finding divorce attorney's delaying and withholding legal services to punish client for refusing his sexual advances constituted outrageous conduct). Plaintiff has not done so here.

Additionally, Plaintiff has not established damages. In an action for legal malpractice, damages for emotional distress arising out of acts which invade an interest protected by established tort law are recoverable if the claimed emotional distress naturally ensues from the complained of acts. See Smith v. Superior Court, 10 Cal. App. 4th 1033, 1038 (1992). "[M]ere negligence will not support a recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury to the plaintiff." Id. at 1040. Here, Plaintiff has not alleged or established any damages resulting from Rodriguez's conduct outside of having to move, which is an economic injury for which she cannot recover.

The Court DENIES Plaintiff's motion as to her negligent infliction of emotional distress claim.

## IV.   CONCLUSION

The Court GRANTS Plaintiff's motion as to the first three elements of her legal malpractice claim. The Court DENIES Plaintiff's motion as to damages.

The Court GRANTS Plaintiff's motion as to the first two elements of her breach of fiduciary duties claim relating to Rodriguez's handling of settlement funds in the <u>Alai</u> Action. The Court DENIES Plaintiff's motion as to damages.

The Court DENIES Plaintiff's motion as to her breach of fiduciary duties claim relating to Rodriguez's malpractice in the <u>Alai</u> Action and his threats to drop Plaintiff's case unless he was paid more.

The Court DENIES Plaintiff's motion as to her NIED claim.

## V.   NEXT STEPS

The remaining issues for trial are breach of contract and the claims that were denied in this Order. Ordinarily, the Court would have the parties meet and confer to develop a plan going forward. Here, the Court will stick to the current Scheduling Order. Accordingly, the below dates control. The Court

///
///
///
///
///
///
///
///
///
///
///

expects the parties to adhere to deadlines and be prepared for all events. Additionally, the Court strongly encourages the parties to continue settlement efforts.

| Event | Date |
|---|---|
| Hear Motions | 3/26/24 |
| File Motions in Limine | 4/2/24 |
| File Oppositions to Motions in Limine | 4/16/24 |
| Trial Filings (first round)<br>•Mem. of Contentions of Fact and Law (L.R. 16-4)<br>•Witness Lists (L.R. 16-5) & Joint Exh. List (L.R. 16-6.1)<br>•Joint Status Report Regarding Settlement | 4/16/24 |
| Trial Filings (second round)<br>•Joint Proposed FTPC Order (L.R. 16-7)<br>•Joint Agreed Upon Proposed Jury Instructions<br>•Disputed Proposed Jury Instructions<br>•Joint Proposed Verdict Forms<br>•Joint Proposed Statement of the Case<br>•Proposed Voir Dire Questions | 4/23/24 |
| Final Pre-trial Conference and Hearing on MILs | 4/30/24 @ 10:00am |
| Trial Date (jury) (court) Estimated length:1 day[5] | 5/14/24 @ 9:00am |

Date: March 1, 2024

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[5] The parties shall inform the Court whether they want a jury or bench trial no later than April 23, 2024. The Court will set time limits for the presentation of evidence at the FPTC based on the parties' trial filings.